Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM **

Taggart did not appeal the bankruptcy court's order regarding the Linfield debt, so he is barred from relitigating this issue by collateral estoppel.[1]

The California State Bar interpretation that the discharge injunction did not apply to the debt for costs was reasonable because prior to our decision in *In re Taggart*[2] both the bankruptcy court and the Bankruptcy Appellate Panel had determined that the debt was nondischargeable. In *In re Taggart* we acknowledged that reported decisions supported the conclusion that the debt was nondischargeable.[3] Because "a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order,"[4] the California State Bar should not be held in contempt for relying on precedent interpreting that order to mean that the debt of costs were nondischargeable. Therefore, the bankruptcy court did not abuse its discretion by denying Taggart's motion for contempt.

AFFIRMED.

**UNITED STATES of America**,
Plaintiff–Appellee,

v.

**Michael R. STEIN**, Defendant–
Appellant.

No. 03–30459.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

3. *Id.* at 993.

Submitted March 7, 2005.*

Decided March 17, 2005.

Karen L. Loeffler, USAK–Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Matthew W. Claman, Esq., Anchorage, AK, for Defendant–Appellant.

Before: FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Michael Stein appeals his conviction for attempted possession of cocaine with intent to distribute. 21 U.S.C. § 846. We affirm.

(1) Stein first argues that the fruits of a search conducted on January 16, 2003, must be suppressed. However, he did not raise the issue before trial and has not shown good cause for his failure so to do. Thus, we will not consider this waived issue. *See* Fed.R.Crim.P. 12(b)(3)(C), (e); *United States v. Murillo,* 288 F.3d 1126, 1135 (9th Cir.2002); *United States v. Wright,* 215 F.3d 1020, 1026–27 (9th Cir. 2000).

(2) Stein also argues that the delay at the post office of a package sent by him and addressed to an address where he received mail amounted to an illegal seizure because it was detained without reasonable suspicion and for an unreasonable period. We disagree. Assuming that reasonable suspicion is needed to detain a package, it existed here. *See United*

States v. Van Leeuwen, 397 U.S. 249, 251–53, 90 S.Ct. 1029, 1032–33, 25 L.Ed.2d 282 (1970); *United States v. Hernandez,* 313 F.3d 1206, 1210–11 (9th Cir.2002); *United States v. Aldaz,* 921 F.2d 227, 229 (9th Cir.1990). Moreover, the period of detention was not excessive. *See Hernandez,* 313 F.3d at 1212–14; *United States v. Gill,* 280 F.3d 923, 928–29 (9th Cir.2002); *Aldaz,* 921 F.2d at 230–31.

(3) Finally, Stein makes an asthenic and rather lutulent argument that his rights under *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963), were somehow violated by the government's handling of information about the quantity of cocaine. We have reviewed the record and can perceive no basis for determining that the government withheld favorable evidence about the cocaine. There was no *Brady* error.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.